UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENT BOURG**　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　**NO: 24-01550**

**GEOVERA ADVANTAGE INSURANCE**　　　**SECTION "H"**
**SERVICES, INC.**

## ORDER AND REASONS

Before the Court is Defendant GeoVera Specialty Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Rec. Doc. 10). For the reasons set forth herein, the Motion is **DENIED.** Plaintiff shall have **fifteen (15) days**, or up to and including **Wednesday, May 28, 2025**, to produce Initial Disclosures.

## BACKGROUND

This case arises from damages to Plaintiff Kent Bourg's residential property located at 208 S. Central Blvd., Chauvin, Louisiana 70344 (the "Property") allegedly caused by Hurricane Ida.[1] Defendant GeoVera Advantage Insurance Services, Inc. issued a Policy of Insurance ("the Policy") to Plaintiff on the Property.[2] On August 30, 2023, Plaintiff filed a Petition for

---

[1] Rec. Doc. 10-1 at 1.
[2] *Id.*

1

Damages in the 32nd Judicial District Court for the Parish of Terrebonne.[3] On June 14, 2024, the matter was removed to this Court.[4]

This Court issued Case Management Order No. 1 ("CMO No. 1") governing Hurricane Ida lawsuits, which provided protocol for expediated discovery ("Disaster Protocols") and streamlined settlement conference and mediation protocols ("Streamlined Settlement Process").[5] Pursuant to CMO No. 1, the parties are to provide Initial Disclosures within "45 days from the date that the defendant files responsive pleadings."[6] Plaintiff's initial disclosures were therefore ordered to be produced August 5, 2024—45 days after Defendant filed its responsive pleadings on June 19, 2024.[7] Defendant contends that it has produced its initial disclosures to Plaintiff but Plaintiff has failed to provide his initial disclosures to date.[8]

Counsel for Defendant first contacted Plaintiff's counsel on August 5, 2024 regarding the status of the initial disclosures. After Plaintiff's counsel failed to respond, Defendant reached out again via email on August 19, September 4, and September 16, and left a voicemail on September 24, 2024. On October 28, 2024, counsel for Defendant sent an email setting a Rule 37 status conference for November 4, 2024. Plaintiff did not respond to that email or attend the conference.

On December 5, 2024, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) requesting dismissal of

---

[3] Rec. Doc. 3.
[4] *Id.*
[5] Rec. Doc. 5.
[6] *Id.*
[7] *Id.*
[8] Rec. Doc. 10-1 at 2.

2

Plaintiff's claims on the basis that Plaintiff has failed to either produce the disclosures in compliance with this Court's Order or "made any meaningful efforts in furthering their case since it was initially filed."[9] Plaintiff opposes.[10]

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Where a plaintiff fails to comply with a CMO, dismissal with prejudice is warranted where "there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice."[11]

## LAW AND ARGUMENT

Defendant argues that Plaintiff has failed to comply with this Court's deadline as to initial disclosures and that the Rule 41(b) standard is satisfied as evidence by Plaintiff's counsel's failure to communicate. Plaintiff does not contest that his counsel has not communicated with Defendant's counsel or

---

[9] Rec. Doc. 10.
[10] Rec. Doc. 13.
[11] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., 966 F.3d 351, 358 (5th Cir. 2020); *see also* Johnson v. Jones, 794 F. App'x 400, 402 (5th Cir. 2019) (internal citations omitted).

that he has not submitted his initial disclosures but argues that the extreme sanction of dismissal is not warranted in this case. Plaintiff contends upon receipt of the instant motion, Plaintiff's counsel "searched his email account for the emails cited by GeoVera, because he was previously unaware of their existence."[12] Plaintiff contends that they appeared "to have been sent to a spam/junk folder, through slime automatic action of the email program."[13] Plaintiff requests a 30-day extension in order to produce the required disclosures.

The Court agrees that the extreme sanction of dismissal is not warranted. Defendant cites to *Lewis v. Geovera Specialty Insurance Co.*, a decision from another section of this Court, in support of its argument that dismissal is proper.[14] In that case, however, the defendant filed a motion to dismiss pursuant to Rule 41, after which the Court held a telephone conference with the parties regarding the status of the required disclosures.[15] After the plaintiff's counsel attended the conference and assured the Court that the required disclosures would be produced, yet still failed to produce them, the defendants filed a second motion to dismiss. Judge Morgan granted the motion and dismissed the case, noting that "courts in this district have ordered a Rule 41(b) dismissal after 'repeated noncompliance' with the CMO despite

---

[12] Rec. Doc. 13 at 2.
[13] *Id.*
[14] No. 23-cv-06793 (ED. La. May 16, 2024) (ECF 18).
[15] *Id.*

'numerous extensions,'"[16] or where a party has totally failed to respond to a Rule 41 motion.[17]

In contrast, here, Plaintiff has only failed to comply with this Court's order once. "Generally, where a plaintiff has failed only to comply with a few court orders or rules," the Fifth Circuit has held that "the district court abused its discretion in dismissing the suit with prejudice."[18] Moreover, Plaintiff contends that his counsel did not receive Defendant's emails and has also requested an extension within which to comply. As such, the record does not support a finding of "clear record of delay or contumacious conduct" sufficient to support the "draconian remedy" of dismissal with prejudice.[19]

Further, this Court's Order regarding, *inter alia*, "the filing of Motions to Compel and/or for Sanctions related to allegedly deficient initial disclosures" provides that the parties must first seek a conference with the Chief Magistrate Judge to attempt to resolve disputes as to initial disclosures without formal motion practice.[20] The Order provides that "[i]f that conference does not resolve the dispute, the Court will issue an Order permitting the filing of a motion to compel."[21] Although the record reflects that Defendant attempted to set a Rule 37 conference with Plaintiff—and acknowledged that a conference with the Court would be required—the record does not indicate

---

[16] *Id.* (quoting *In re* Xarelto (Rivaroxaban) Products Liab. Litig., 2020 WL 7023902, at *2 (E.D. La. Nov. 30, 2020)).

[17] *Id.* at 3 (citing Berry v. BorgWarner, 291 Fed. App'x 592, 595 (5th Cir. 2008)).

[18] Johnson v. Jones, 794 Fed. App'x 400, 403 (5th Cir. 2019) (citing Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992)).

[19] *See* Ulluoa v. GeoVera Spec. Ins. Co., No. 23-7253, 2024 WL 3925199, at * 2 (E.D. La. Aug. 22, 2024).

[20] Rec. Doc. 6.

[21] *Id.*

that the parties have sought a conference with the Chief Magistrate Judge. Nor has an order allowing a motion to compel or other motion for sanctions been entered. Accordingly, Defendant's Motion to Dismiss is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (Rec. Doc. 10) is **DENIED.**

**IT IS ORDERED** that Plaintiff's Initial Disclosures shall be due on or before **Wednesday, May 28, 2025.**

New Orleans, Louisiana this 13th day of May, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**