**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENT BOURG** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-01550** |
| **GEOVERA SPECIALTY INSURANCE COMPANY** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant GeoVera Specialty Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Rec. Doc. 19). For the reasons set forth herein, the Motion is **GRANTED.**

## BACKGROUND

This case arises from damages to Plaintiff Kent Bourg's residential property located at 208 S. Central Blvd. in Chauvin, Louisiana (the "Property") allegedly caused by Hurricane Ida.[1] Defendant GeoVera Specialty Insurance Company issued a Policy of Insurance (the "Policy") to Plaintiff on the Property.[2] On August 30, 2023, Plaintiff filed a Petition for Damages in the 32nd Judicial District Court for the Parish of Terrebonne.[3] On June 14, 2024, Defendant removed the matter to this Court.[4] On January 13, 2025, Plaintiff

---

[1] Rec. Doc. 10-1 at 1.
[2] *Id.*
[3] Rec. Doc. 3.
[4] *Id.*

1

filed a Motion to Remand.[5] On May 9, 2025, this Court declined to rule on the Motion and instructed the parties to supplement their briefings with "summary-judgment-type" evidence supporting any factual allegations made in the briefings that were outside the record.[6]

Case Management Order No. 1 ("CMO No. 1"), which governs Hurricane Ida lawsuits, provides the protocol for expedited discovery ("Disaster Protocols") and streamlined settlement conference and mediation protocols ("Streamlined Settlement Process").[7] Pursuant to CMO No. 1, the parties are to provide Initial Disclosures within "45 days from the date that the defendant files responsive pleadings."[8] Plaintiff's Initial Disclosures were therefore ordered to be produced August 5, 2024—45 days after Defendant filed its responsive pleadings on June 19, 2024.[9]

On December 5, 2024, Defendant filed its first Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) requesting dismissal of Plaintiff's claims on the basis that Plaintiff failed to either produce the disclosures in compliance with this Court's Order or make "any meaningful efforts in furthering their case since it was initially filed."[10] In that Motion, Defendant contended that counsel for Defendant first contacted Plaintiff's counsel on August 5, 2024 regarding the status of the Initial Disclosures. After

---

[5] Rec. Doc. 14.
[6] Rec. Doc. 17. To date, neither Defendant nor Plaintiff has supplemented the briefings. The Court notes that Defendant, as the removing party, has the burden of proving jurisdiction. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000).
[7] Rec. Doc. 5.
[8] *Id.*
[9] *Id.*
[10] Rec. Doc. 10.

Plaintiff's counsel failed to respond, Defendant reached out again via email on August 19, September 4, and September 16, and left a voicemail on September 24, 2024. On October 28, 2024, counsel for Defendant sent an email setting a Rule 37 status conference for November 4, 2024. Plaintiff did not respond to that email or attend the conference. On May 13, 2025, this Court denied the Motion and extended the deadline for Plaintiff to file Initial Disclosures to May 28, 2025.[11]

On May 30, 2025, Defendant filed the instant Motion to Dismiss Pursuant to Rule 41(b).[12] Defendant contends that to date, Plaintiff has not filed Initial Disclosures. Plaintiff has not filed an opposition to the Motion.

## **LEGAL STANDARD**

This Court has "an inherent power" to manage its docket "to achieve the orderly and expeditious disposition of cases."[13] "This power includes the authority under Rule 41(b) to dismiss an action with prejudice for a party's failure to comply with court orders."[14] Federal Rule of Civil Procedure 41(b) provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or

---

[11] Rec. Doc. 18.

[12] Rec. Doc. 19.

[13] Order, Lewis v. GeoVera Specialty Ins. Co., No. 23-cv-06793 (E.D. La. May 16, 2024) (ECF 18) (Morgan, J.) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630 (1962)).

[14] *Id.* (citing *Link*, 370 U.S. at 626–31).

failure to join a party under Rule 19—operates as an adjudication on the merits.

When a plaintiff fails to comply with a court order, the Fifth Circuit has held that dismissal with prejudice is warranted if "there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice."[15]

## LAW AND ARGUMENT

Defendant argues that dismissal is warranted because, since this case was removed on June 14, 2024, Plaintiff has failed to communicate with counsel for Defendant, failed to progress his lawsuit, failed to comply with this Court's Case Management Order, and has now failed to comply with this Court's May 18, 2025 Order that Plaintiff provide his Initial Disclosures by May 28, 2025. This Court agrees.

Decisions from other sections of this Court support this conclusion. In *Lewis v. GeoVera Specialty Insurance Co.*, the defendant filed a motion to dismiss pursuant to Rule 41, after which the Court held a telephone conference with the parties regarding the status of the required disclosures.[16] After the plaintiff's counsel attended the conference and assured the court that the required disclosures would be produced, yet still failed to produce them, the defendants filed a second motion to dismiss.[17] This Court granted the motion and dismissed the case, noting that "courts in this district have ordered a Rule

---

[15] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., 966 F.3d 351, 358 (5th Cir. 2020); *see also* Johnson v. Jones, 794 F. App'x 400, 402 (5th Cir. 2019) (internal citations omitted).

[16] Order at 2, *Lewis*, No. 23-cv-06793 (ECF 18).

[17] *Id.*

41(b) dismissal after 'repeated noncompliance' with the CMO despite 'numerous extensions.'"[18] The Court found a "clear record" of "contumacious conduct" and stated that it could not "conceive how 'lesser sanctions,' which would permit Plaintiff to effect further delays and deprive Defendant of the information necessary to prepare and defend the case, would 'serve the bests [sic] interests of justice.'"[19]

Here, Plaintiff has twice failed to comply with this Court's orders. "Generally, where a plaintiff has failed only to comply with a few court orders or rules," the Fifth Circuit has held that "the district court abused its discretion in dismissing the suit with prejudice." [20] Other sections of this Court, however, have found that dismissal is warranted where a party has both failed to comply with court orders and failed to respond to a Rule 41 motion.[21] Here too, Plaintiff has failed to request another extension to file Initial Disclosures or otherwise respond to the instant Motion. As such, the record supports a finding of a "clear record of delay or contumacious conduct" sufficient to support the remedy of dismissal with prejudice, and lesser sanctions would not "serve the best interests of justice."

---

[18] *Id.* (quoting *In re* Xarelto (Rivaroxaban) Prods. Liab. Litig., MDL No. 2592, No. 2:19-cv-12994, 2020 WL 7023902, at *2 (E.D. La. Nov. 30, 2020)).

[19] *Id.* at 3 (quoting Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006)).

[20] *Johnson*, 794 Fed. App'x at 403 (citing Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992)).

[21] *See, e.g.* Pierce v. Crowe, No. 11-2227, 2017 WL 1344901, at *4 (E.D. La. Apr. 11, 2017) (Brown, J.) (granting Rule 41(b) motion to dismiss where plaintiff failed to comply with three court orders and failed to file an opposition to the motion); *see also* Order at 3, *Lewis*, No. 23-cv-06793 (ECF 18) (dismissing unopposed motion to dismiss and noting that other federal courts in Louisiana have dismissed actions where plaintiff has failed to produce any documents and failed to respond to motion to dismiss).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Rec. Doc. 19) is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE.**


New Orleans, Louisiana this 15th day of July, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6